FILED



NH

MAY 0 2 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

*Eastern Division*

| | |
|---|---|
| MARJORIE WOOD<br>7 S. 440 Olympia Court<br>Naperville, IL 60540 | : **06CV2457** |
| | : |
| | : **JUDGE PLUNKETT** |
| Plaintiff | : **MAGISTRATE ASHMAN** |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| NATIONAL RAILROAD | : |
| PASSENGER CORPORATION | : |
| 210 S. Canal Street | : |
| Chicago, IL 60606 | : |
| | : |
| Defendant | : NO. |

### COMPLAINT

1.      The Plaintiff, Marjorie Wood, is a competent adult individual residing at 7 S. 440 Olympia Court, Naperville, Illinois 60540.

2.      The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is, 210 S. Canal Street, Chicago, Illinois 60606.

3.      This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), Title 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

4.      At all times material hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois and other states of the United States.

5.     At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6.     At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of her employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

7.     All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8.     The Plaintiff has been employed by the Defendant from February 1973 through and including the present as a baggage clerk, and while working within the scope of her employment in Chicago, Illinois,  was exposed to occupational risk factors for carpal tunnel or trigger finger, including but not limited to repetition, force and awkward wrist/hand  postures.

9.     Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

> a)     failure to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, Title 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

- 2 -

b)   failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel or trigger finger;

c)   failure to comply with safety and operating rules and regulations of the Defendant;

d)   forcing the Plaintiff to work under hurried and/or awkward conditions;

e)   negligence of the defendant's agents, servants, workmen and/or employees;

f)   negligence at law; and

g)   otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

10.   As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff suffered an occupational trigger finger condition.

11.   In or about May 15, 2003, the Plaintiff was diagnosed with bilateral trigger thumbs which required surgery.

12.   As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to her usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

13.   As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14.    As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant, National Railroad Passenger Corporation, in an amount in excess of **ONE HUNDRED THOUSAND DOLLARS,** ($100,000.00).

HANNON & JOYCE

Dated: May 1, 2006                    BY:

GREGORY JOHN HANNON, ESQ.
The Public Ledger Bldg. - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

DICKER & DICKER

Dated: May 1, 2006                    BY:

STEVEN M. DICKER, ESQUIRE #52742
300 W. Adams Street
Suite 330
Chicago, IL 60606-1102
(312) 853-3485
Local Counsel for Plaintiff